**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | |
|---|---|
| IN RE SEALED SEARCH § | |
| WARRANT APPLICATION § | CIVIL ACTION NO. 3:25-mc-00015 |
| § | |
| § | |

## OPINION AND ORDER

On May 7, 2025, the United States of America (the "Government") submitted a sealed application for an administrative inspection warrant. *See* No. 3:25-mc-5067 (S.D. Tex. May 7, 2025), ECF No. 1. This warrant application was assigned to me in accordance with Federal Rule of Civil Procedure 41, Local Criminal Rule 57.1, and General Order 91-26(F)(4). On May 27, 2025, I issued a public opinion setting forth three separate reasons for denying the Government's application. *See In re Sealed Search Warrant Application*, --- F. Supp. 3d ----, No. 3:25-mc-5067, 2025 WL 1499054, at *1 (S.D. Tex. May 27, 2025). Although my opinion was issued publicly, I kept "[t]he application and all supporting materials, including the Government's memorandum of law and affidavits, . . . under seal" out of respect for the Government's ongoing investigation. *Id.* at 1 n.1.

On June 4, 2025, the Government presented a nearly identical warrant application, not to me, but to United States District Judge Jeffrey V. Brown. As best I can tell, the only substantive differences between the Government's May 7, 2025 application and its June 5, 2025 application are (1) an additional paragraph in the supporting affidavit concerning information gathered since May 27, 2025, which reinforces the Government's suspicion that certain employees at the target business are working in the United States without legal authorization (*see* Dkt. 2-1 at 9–10 ¶ 20); (2) the Government's blatant attempt to judge-shop (*see* Dkt. 2-4 at 1–2); and (3) an additional paragraph in the Government's memorandum of law describing the "administrative inspection process" used by U.S. Immigration and Customs Enforcement to review employers' I-9 forms and verify their employees'

eligibility for employment in the United States. *See id.* at 2–3. The proposed warrant submitted by the Government is identical to the one I previously denied.[1]

I need not address the first and third items, because they do not change the analysis in my May 27, 2025 opinion denying essentially the same application.

As for the Government's dogmatic belief that my May 27, 2025 opinion "should have remained under seal," Dkt. 2-4 at 2, the Government offers no law or argument in support. The Government is surely aware that "judges must protect public accessibility for three mutually reinforcing reasons: (1) the public has a right to monitor the exercise of judicial authority; (2) judges are the primary representatives of the public interest in the judicial process; and (3) the judiciary's institutional legitimacy depends on public trust." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). It is true that "litigants sometimes have good reasons to file documents (or portions of them) under seal." *Id.* at 419. It also true that warrant materials submitted while the Government's investigation is ongoing are "paradigmatic examples of records not subject to the common law right of public access." *Forbes Media LLC v. United States*, 61 F.4th 1072, 1082 (9th Cir. 2023). But that logic does not apply to judicial decisions themselves.

"To uphold transparency and faith in the judiciary, the public has a right to know the considerations that led to my decision." *In re Associated Press*, No. 5:22-mc-00111, 2023 WL 5671289, at *1 (S.D. Tex. Sept. 1, 2023). Nearly the entirety of my nine-page opinion was a purely legal analysis applicable to any business anywhere, not specific to the targets of this investigation, of whether non-particularized *Blackie's* warrants—as opposed to Rule 41 warrants—should be available to search for people or when the target employer faces criminal

---

[1] Both warrants request the search of "[a]reas of the [target business's] premises where aliens may likely be found, including, but not limited to, the search of any locked rooms on the premises in order to locate aliens, without legal authority, in the United States." Dkt. 2-6 at 1.

sanctions.[2] Regarding the Government's application, I wrote only that it sought "to enter a specific private business located within this [44,000 square-mile] district"; that it had "arguably" provided "probable cause for a Rule 41 warrant as to several suspected aliens and the target employer"; and that it had "identif[ied] specific employees that it has reason to believe are using Permanent Resident cards and Social Security numbers that do not correspond to the employee presenting them." *In re Sealed Search Warrant Application*, 2025 WL 1499054, at *1, 4. This is not sensitive information. Neither the target employer, nor any employees, nor any part of the Government's investigation, including the identity of the law enforcement officer who executed the supporting affidavit, was revealed in these bland statements, and the warrant materials themselves remain under seal. In fact, the Government states in its motion to seal this case: "[T]he Government does not believe that any sensitive information is included within the affidavit."[3] Dkt. 1 at 2. In short, it is impossible to discern anything from my May 27, 2025 opinion that could have compromised the Government's investigation in any way. Most importantly, *the Government does not argue otherwise*.[4] Rather, the Government uses its legally and factually unsupported complaint about the public availability of my May 27, 2025 opinion to blatantly judge-shop.

---

[2] *See Blackie's House of Beef, Inc. v. Castillo*, 659 F.2d 1211, 1222 (D.C. Cir. 1981), *cert. denied*, 455 U.S. 940 (1982).

[3] Tellingly, the Government never asked me to seal my May 27, 2025 opinion, and waited more than a week before asking Judge Brown to do so.

[4] The Government's assertion that my May 27, 2025 opinion should be sealed is quite alarming. The judiciary's work should not be done in the shadows. "The public has an overarching interest in the accessibility of judicial opinions." *In re Unseal Dockets Related to Indep. Counsel's 1998 Investig. of Pres. Clinton*, 308 F. Supp. 3d 314, 330 (D.D.C. 2018), *vacated in part sub nom. In re Application to Unseal Dockets Related to Indep. Counsel's 1998 Investig. of Pres. Clinton*, No. 18-5142, 2020 WL 13064371 (D.C. Cir. May 13, 2020). Indeed, the United States Supreme Court has recognized that judicial opinions are "valuable to the legal community as a whole." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994); *see also EEOC v. Nat'l Child.'s Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) ("A court's decrees, its judgments, its orders, are the quintessential business of the public's institutions.").

"Although judge-shopping can take different forms, it is at its most basic a litigant's attempt to manipulate the judicial system to find a judge likely to rule in its favor." *Matter of Search of One Digital Device Currently Located at 601 4th St. NW, Wash., DC Under Rule 41*, 734 F. Supp. 3d 107, 109 (D.D.C. 2024).

> It is difficult to see how the government's conduct here can be interpreted as anything other than judge-shopping. [I] denied the government's warrant application . . . . [Approximately] one week later [the government] submitted a substantially similar warrant application to [Judge Brown]. . . . That is, the government had a decision from a judicial officer denying its application to search [a private business for people using an administrative inspection warrant]. As in this District, it could seek reconsideration from the judge who made that decision—[me]—or ask for review of the decision by a district judge.

*Id.* at 109–10.

Although I previously suggested that my decision was "unreviewable by the district court," 2025 WL 1499054, at *5 n.6, I acknowledge that there is authority to suggest otherwise. *See In re U.S. for Historical Cell Site Data*, 724 F.3d 600, 605 (5th Cir. 2013) ("Particularly in the case where a court denies the Government's application despite finding that the Government has met its evidentiary burden, in contrast to a case where the court finds that the application is not supported by evidence that satisfies the relevant standard, the order is final, because in such a case the Government cannot return to the court with additional evidence sufficient to convince the court to grant its application."). But the Government did not seek reconsideration from me. The Government also did not ask Judge Brown or the Fifth Circuit to review my May 27, 2025 opinion.[5] These

---

[5] In its memorandum of law, the Government "requests this matter be heard by a District Judge" because "the prior warrant application was denied." Dkt. 2-4 at 1. Rather than identifying the standard of a review a district court judge should use when reviewing a magistrate judge's determination as to a search warrant application, the Government instead argues that "a federal district court judge can perform all the duties set forth for magistrate judges in Rule 41." *Id.* at 2. But why stop there? As the Government notes, "'When [the Federal Rules of Criminal Procedure] authorize a magistrate judge to act, any other federal judge may also act.'" *Id.* (quoting Fed. R. Crim. P. 1(c)). If the Government's approach here is tolerated, what is to stop the Government from seeking a warrant from

4

avenues would have required meaningfully engaging with my legal analysis. Rather, the Government direct-filed a new application with Judge Brown, hoping that it would receive approval of its application devoid of any legal precedent. This it cannot do.[6]

I have explained why I think *Blackie's* was incorrect when decided and inapplicable after the Immigration Reform and Control Act of 1986. *See In re Sealed Search Warrant Application*, 2025 WL 1499054, at *3–4. I have also explained why the warrant the Government seeks is an impermissible general warrant. *See id.* at *5. Whether to me, Judge Brown, and/or the Fifth Circuit, the Government must explain why it thinks I am wrong. It cannot just file a new application with someone else in the hopes of avoiding the analysis altogether.

Because the Government's June 4, 2025 application is not substantially different from its May 7, 2025 application, there is no reason to depart from my May 27, 2025 opinion. *See id.* For all the reasons stated in my May 27, 2025 opinion, the Government's application is denied. Because the Government's investigation is ongoing, its warrant application will remain under seal. *See Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989).

SIGNED this 9th day of June 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

the Chief Judge of the Fifth Circuit or the Chief Justice of the Supreme Court? "[T]he public interest is best served . . . when the demands of orderly procedure . . . [are] honored." *U.S. Bancorp*, 513 U.S. at 27 (quotation omitted). Rule 41 places the responsibility of ruling on warrant applications with magistrate judges, and it admits no exception for the Government's dissatisfaction with such ruling.

[6] As I explained in my May 27, 2025 opinion, I do not believe the Fifth Circuit will allow the Government to use non-particularized administrative inspection warrants to search for people when business owners face criminal penalties for the conduct the Government is investigating and when Rule 41 plainly governs the search of private property for a person. But that is an issue the Fifth Circuit should address in the light of day. That issue should not be decided out of public view based on a non-precedential decision from 1981.